IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Capers,                    )<br>                                         )<br>                    Plaintiff,    )<br>                                         )<br>v.                                     )<br>                                         )<br>Jason Loy,                       )<br>                                         )<br>                    Defendant.  )<br>_____ ) | Civil Action No. 9:23-cv-6821-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Paul Capers' ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

On February 9, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), construing Plaintiff's complaint as bringing claims against Defendant for "violations of his constitutional rights to be free from cruel and unusual punishment and to equal protection under the law." (ECF No. 6.) The Magistrate Judge also authorized service against Defendant. (ECF No. 7.)

On March 5, 2024, Defendant filed a motion to dismiss. (ECF No. 15.) The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the dismissal procedure to Plaintiff and instructing Plaintiff to respond to the motion. (ECF No. 18.) After considering the record, the Magistrate Judge issued a Report on May 14, 2024, recommending that the Court deny Defendant's motion to dismiss. (ECF No. 28.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a

copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 28), and the Court denies Defendant's motion to dismiss (ECF No. 15).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 3, 2024
Charleston, South Carolina