# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Paul Capers, | ) | C/A No. 9:23-cv-6821-BHH-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Jason Loy, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff Paul Capers, appearing *pro se*, brings this action under Title 42, United States Code, Section 1983. On October 2, 2024, Defendant Jason Loy filed a Motion for Summary Judgment. (Dkt. No 38.) The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 39.) Plaintiff's response was due by November 4, 2024, and Plaintiff has failed to respond to the motion.

On October 29, 2024, the *Roseboro* Order was returned as undeliverable at Plaintiff's noticed address, the Sheriff Al Cannon Detention Center. (Dkt. No. 41.) It appears Plaintiff is no longer located at this address, and he has failed to inform the Court of his new address. Plaintiff has been expressly advised that he must always keep the Clerk of Court advised in writing if his address changes for any reason, so as to assure that orders or other matters that specify deadlines for him to meet will be received by Plaintiff. (Dkt. No. 6 at 3.) The Court has warned Plaintiff that his failure to meet a deadline set by this Court can result in the dismissal of his case. (*Id.*)

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of

2

Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

    IT IS SO RECOMMENDED.

November 12, 2024
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).