IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Capers, ) | Civil Action No.: 9:23-6821-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jason Loy, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Paul Capers ("Plaintiff"), proceeding *pro se*, filed this action alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 2, 2024, Defendant Jason Loy filed a motion for summary judgment. (ECF No. 38.)

Because Plaintiff is proceeding *pro se*, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the need to file a response to Defendant's motion. (ECF No. 39.) On October 29, 2024, the *Roseboro* order was returned as undeliverable at Plaintiff's noticed address. (ECF No. 41.) Thus, it appears that Plaintiff is no longer located at this address, and he has failed to keep the Court informed of his new address. (*See* ECF No. 6 at 3.) Also, Plaintiff has not filed any response to Defendant's motion to date.

Accordingly, on November 12, 2024, the United States Magistrate Judge, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., reviewed the record and filed a Report and Recommendation ("Report"), outlining the procedural history and recommending that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 42.) On December 2, 2024, the Magistrate Judge's

Report was returned as undeliverable. (ECF No. 45.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has effectively abandoned this action. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 42), and the Court dismisses this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 3, 2024
Charleston, South Carolina